UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Allen Kizer, #Y-314288, | ) C/A No. 3:06-2327-RBH-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Goose Creek City Police Dept.; | ) Report and Recommendation |
| Sgt. J. S. Crafton; | ) |
| Berkeley County Jail System, Staff and Owner, | ) |
| *aka* Hill-Finklea Detention Center; | ) |
| Berkeley County Court System; | ) |
| NFN Littlejohn, Public Defender; | ) |
| Patricia Kennedy, Public Defender; and | ) |
| Michael Staisak, Probation Officer, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil rights action filed *pro se* by a state prison inmate.[1]  Plaintiff is currently

confined at the Turbeville Correctional Institution, serving a sentence for third-degree burglary.

In the Complaint filed in this case, Plaintiff seeks monetary reimbursement for the alleged

destruction by Goose Creek, South Carolina police officials of certain personal property that was

allegedly recovered/seized by the police in connection with his burglary arrest.  He also includes

allegations that his Berkeley County criminal trial process and conviction were unfair and that his

public defenders did not properly represent him.  In addition to his request for monetary relief, he

asks the Court to order his release from prison.

Under established local procedure in this judicial district, a careful review has been made

of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is
authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations
to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district
courts should review prisoner cases to determine whether they are subject to summary dismissal).

and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995)(*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n.7 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff's claim about the alleged loss of his personal property is not properly before this federal Court as a constitutional claim pursuant to 42 U.S.C. § 1983[2] because Plaintiff has an adequate state-court remedy under the South Carolina Torts Claim against any responsible Goose Creek and/or Berkeley County officials or employees for such personal property issues. *See* <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* <u>Jennings v. Davis</u>, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* <u>McKnight v. Rees</u>, 88 F.3d 417(6th Cir. 1996)(emphasis added).

state law provides a Plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state.  Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[3]

Under South Carolina law, Plaintiff's claims relating to lost personal property are cognizable under the South Carolina Tort Claims Act.  *See* S.C. Code Ann. §§ 15-78-10 through15-78-220.  Section 15-78-30 and its subparts encompass a loss of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment.  Plaintiff's claim relating to the alleged loss of his personal property is cognizable under the South Carolina Tort Claims Act because Berkeley County and the City of Goose Creek  are both political subdivisions of the State of South Carolina.  However, Plaintiff should be aware of the various statutory requirements for the pursuit of a claim under the South Carolina Tort Claims Act.  *See* S.C. Code Ann. § 15-78-80;[4] *see also* Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688

---

[3]Yates has been partially superannuated for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]"  Plumer v. Maryland, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990); *see also* Zinermon v. Burch, 494 U.S. 113 (1990).  Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

[4] Section15-78-80, titled: "Filing of verified claim; handling and disposition of claims; requirement that agencies and political subdivisions cooperate with Budget and Control Board," sets out the requirements for submitting a claim under the Torts Claim Act, and reads as follows,

(a) A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed:

(1) in cases against the State, with the State Budget and Control Board, or with the agency employing an employee whose alleged act or omission gave rise to the claim;
(2) where the claim is against a political subdivision, with the political subdivision employing an employee whose alleged act or omission gave rise to the claim;
(3) where the identification of the proper defendant is in doubt, with the Attorney General.

(b) Each agency and political subdivision must designate an employee or office to accept
(continued...)

(1995); <u>Vines v. Self Memorial Hospital</u>, 314 S.C. 305, 443 S.E.2d 909 (1994); <u>Pollard v. County of Florence</u>, 314 S.C. 397, 444 S.E.2d 534 (S.C. Ct.App. 1994).   Because Plaintiff can file a verified claim of his losses with the City of Goose Creek and/or Berkeley County under S.C. Code Ann. § 15-78-80 and/or a legal action in Berkeley County's Circuit Court pursuant to S.C. Code Ann. §§ 15-78-90 and 15-78-100,  the loss of the Plaintiff's personal property is not a basis for a federal civil rights action.  As a result, to the extent that it seeks reimbursement of the value of such personal property, Plaintiff's Complaint should be summarily dismissed without service on Defendants.

Moreover, to the extent that Plaintiff's Complaint seeks his release from prison or monetary relief due to alleged unfairness or unconstitutionality of circumstances surrounding his Berkeley County burglary conviction and/or sentence, it is also subject to summary dismissal.  With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court has written:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been

---

[4](...continued)
the filing of the claims.
(c) Filing may be accomplished by receipt of certified mailing of the claims or by compliance with the provisions of law relating to service of process.
(d) The verified claim may be received by the Budget and Control Board or the appropriate agency or political subdivision. If filed, the claim must be received within one year after the loss was or should have been discovered.
(e) In all cases in which a claim is filed, the Budget and Control Board or political subdivision has one hundred eighty days from the date of filing of the claim in which to determine whether the claim should be allowed or disallowed. Failure to notify the claimant of action upon the claim within one hundred eighty days from the date of filing of the claim is considered a disallowance of the claim.
(f) The handling and disposition of claims filed under this chapter are not subject to the provisions of Title 3, Chapter 23 of Title 1.
(g) In all cases, where insurance is provided by the Budget and Control Board, the agency or political subdivision involved must cooperate with the Budget and Control Board in the investigation and handling of any claim.

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(Heck generally applies where search and seizure issues are raised); Woods v. Candela, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 WL 88956 (N.D. Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995). By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Even so, the limitations period for such a civil rights action will not begin to run until the cause of action accrues; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. See Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3 (D. N.J. 1996)(following Heck v. Humphrey and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). Since it does not appear that Plaintiff has been successful in a direct appeal, a post-conviction relief application, or in any other state-court action to have his burglary conviction overturned or set aside, he cannot sue any of the Defendants because of their involvement in his

arrest and ultimate conviction.  *See* Johnson v. Freeburn, 29 Fed.Supp.2d 764, 772 (S.D. Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also* Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

Furthermore, to the extent that Plaintiff's Complaint alleges unconstitutional representation by his public defenders, it is also subject to summary dismissal.  In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law."  *See* 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally*  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  It is well settled that s criminal defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See* Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn. 8-16 (1981)(public defender).

The district court in Hall v. Quillen had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  In affirming the district court's order for other reasons, the Court of Appeals, indicated that lower courts should first determine whether state action occurred.  Since the appellate court found no state action, it affirmed the district court's dismissal, but for other reasons.  The Hall court stated,

> But immunity as a defense only becomes a relevant issue in a case such as this under § 1983 if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

Hall v. Quillen, 631 F.2d at 1155 (citations omitted); *see also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Additionally, to the extent the Complaint could be construed as alleging legal "malpractice" by his public defenders, it should be dismissed. Negligence and legal malpractice are not actionable under 42 U.S.C. § 1983. *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Moreover, 42 U.S.C. § 1983 and the Bivens doctrine do not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989). Negligence and legal malpractice are causes of action under South Carolina law. *See, e.g.*, Mitchell v. Holler, 311 S.C. 406, 429 S.E.2d 793 (1993); Yarborough v. Rogers, 306 S.C. 260, 411 S.E.2d 424 (1991). Plaintiff should be aware of the state statute of limitations on such negligence/malpractice actions which is, generally, three years from the time of the alleged injury to the client. Epstein v. Brown, 363 S.C. 372, 610 S.E.2d 816 (2005); *see* S.C. Code Ann. §§ 15-3-530; 15-3-535.

Finally, although the Complaint includes a few scattered assertions of supposed inadequacies in the conditions of his confinement since the time of his arrest, he fails to allege that any type of injury other than mental distress resulted from those conditions. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish. Hence there is no liability under § 1983 for such claims. Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989);

7

Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); *see* 42 U.S.C. § 1997e(e)(physical injuries are a prerequisite for an award of damages for emotional distress § 1983); Zehner v. Trigg, 133 F.3d 459 (7th Cir. 1997).  Since none of Plaintiff's allegations state any type of viable federal claim, the Complaint filed in this case should be summarily dismissed in its entirety.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 25, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The _Serious Consequences_ of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard., the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins;  Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**